UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| LISA BUCHANAN | CIVIL ACTION NO. 1:17-CV-01314 |
|---|---|
| VERSUS | CHIEF JUDGE DRELL |
| WAL-MART STORES INC., *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

## JURISDICTIONAL REVIEW FINDINGS

Before the Court is a Complaint removed from a Louisiana state court by Defendants Wal-Mart Louisiana, L.L.C. and Wal-Mart Stores, Inc. (Doc. 1). Defendants premise federal jurisdiction on diversity of citizenship.

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). This duty persists throughout all phases of the litigation, even after trial and the entry of final judgment. See id. at 506-07.

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008) (internal citation and quotation omitted). Further, "when jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged."

Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988). In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. Coury v. Prot, 85 F.3d 244, 249 (5th Cir.1996).

The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. See Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003). A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C., 757 F.3d 481, 483 (5th Cir. 2014). The citizenship of a general partnership depends on that of all partners. See Int'l Paper Co. v. Denkmann Associates, 116 F.3d 134, 135, 137 (5th Cir. 1997). The citizenship of a limited liability company ("L.L.C."), a limited partnership, or other unincorporated association or entity is determined by the citizenship of all its members. See Harvey, 542 F.3d at 1079-80.

Defendants make the following representations as to the citizenship of all parties (Doc. 1):

Plaintiff Lisa Buchanan as a citizen of Louisiana.

Defendant Wal-Mart Louisiana, L.L.C. is a limited liability company; its sole owner is Wal-Mart Stores East, L.P., a limited partnership composed of two partners, WSE Management, L.L.C. (GP) and WSE Investment, L.L.C. (LP), which are both limited liability companies. The sole owner of each is Wal-Mart Stores East, Inc., an

Arkansas corporation with its principal place of business in Arkansas. Therefore, Wal-Mart Louisiana, L.L.C. is a citizen of Arkansas.

Defendant Wal-Mart, Inc. is a Delaware corporation with its principal place of business in Arkansas. Therefore, Wal-Mart, Inc. is a citizen of Delaware and Arkansas.

Accordingly, diversity jurisdiction is established. No further action is necessary at this time. This finding is preliminary in nature, and may be reconsidered *sua sponte* or upon appropriate motion.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 26th day of October, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge